**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv92**

| | |
|---|---|
| SYNOVUS BANK, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>DAVID M. SCIUPIDER and MARY )<br>SCIUPIDER, )<br>)<br>    Defendants. )<br>_____ ) | **MEMORANDUM AND
RECOMMENDATION** |

Pending before the Court is the Motion to Dismiss [# 11]. This action stems from a loan agreement entered into between Defendants and Plaintiff Synovus Bank for the purchase of a lot in the Seven Falls Golf and River Club ("Seven Falls") residential community.[1] Plaintiff brought this action against Defendants for an unspecified state law claim stemming from Defendants alleged default under the terms of a promissory note. Defendants then asserted counterclaims under the Interstate Land Sales Full Disclosure Act ("ILSA") and South Carolina's Unfair and Deceptive Trade Practices Act, as well as state law claims for breach of

---

1     The Court notes that this case is one of many that has come before this Court and/or the District Court involving similar claims stemming from failed real estate developments in Western North Carolina, including Seven Falls. See e.g. Synovus Bank v. Coleman, 887 F. Supp. 2d 659 (W.D.N.C. 2012) (Reidinger, J.); Carter v. Bank of America, N.A., No. 1:11CV326-GCM, 2014 WL 70072 (W.D.N.C. Jan. 9, 2014) (Mullen, J.).

1

fiduciary duty and constructive fraud, negligence and gross negligence, and defamation of credit and slander of title. Plaintiff moves to dismiss all counterclaims except for the claims brought pursuant to the ILSA on a number of grounds. The District Court referred the motion to this Court for a memorandum and recommendation. The Court **RECOMMENDS** that the District Court **GRANT** the motion.

I. **Factual Background**

Seven Falls is a real estate development in Hendersonville, North Carolina. (Defs.' Counterclaim ¶ 6.) Seven Falls originally consisted of 1600 acres of undeveloped land. (Id. ¶¶ 6-7.) Seven Falls was supposed to be a luxury development with amenities such as an Arnold Palmer golf course. (Id. ¶ 7.) The developer of Seven Falls, however, began selling the lots at Seven Falls before any of the infrastructure or amenities were built, including paved roads and utilities. (Id. ¶ 23.) In fact, little to none of the infrastructure, amenities, or facilities at Seven Falls were ever built despite the millions of dollars received by the developer, including approximately $90 million loaned to the developer by Plaintiff. (Id. ¶¶ 7, 23, 25.) Defendants contend that these funds were spent on lavish marketing campaigns, trips by the developer, and a Gulfstream jet rather than improving the unimproved land that made up Seven Falls. (Id. ¶¶ 26-35.)

After receiving marketing materials in 2007 reflecting the future amenities that would be constructed at Seven Falls, and after communications with Plaintiff's employee, Kim Mode, Defendants entered into an agreement to purchase a lot in Seven Falls. (Id. ¶¶ 8-22; Ex. A to Pl.'s Compl.; Ex. B to Pl.'s Compl.)

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the counterclaims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Plaintiff's motion, the Court accepts the allegations in the Answer and Counterclaim as true and construes them in the light most favorable to the Defendants. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The counterclaims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic

3

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Answer and Counterclaim is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a plaintiff acted unlawfully is not sufficient for a counterclaim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a defendant's counterclaim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee

Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A counterclaim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

### III.  Analysis

#### A.  Choice of Law

Generally, a contract is governed by the law of the state where the contract is made. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 601 (4th Cir. 2004). "Under North Carolina law, however, such a presumption may be overcome by the presence of a choice-of-law provision in a contract." Id.; Tanglewood Land Co., Inc. v. Byrd, 261 S.E.2d 655, 656 (N.C. 1980) ("This court has held that where parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect.")   Defendants contend that South Carolina law

5

applies to all of the claims asserted because the Promissory Note and an irrevocable standby letter of credit contain a South Carolina choice of law provision. (Defs.' Counterclaim ¶ 5.)

The Promissory Note provides that "[t]his Loan Agreement is government by the laws of South Carolina . . . and to the extent required, by the laws of the jurisdiction where the property is located." (Ex. A to Pl.'s Compl. at p. 2.) As such, any legal issue as to the interpretation or enforceability of the Promissory Note would be government by South Carolina law. See Tanglewood Land, 261 S.E.2d at 656. This choice of law clause, however, does not dictate that South Carolina law is applicable to every dispute between the parties related to Seven Falls. See Synovus Bank v. Coleman, 887 F. Supp. 2d 659, 669 (W.D.N.C. 2012) (Reidinger, J.) Rather, claims and counterclaims between the parties that are separate and distinct from the Promissory Note are governed by the North Carolina choice of law rules. ITCO Corp. v. Michelin Tire Corp., Commercial Div., 722 F.2d 42, 49 n.11 (4th Cir. 1983).

In order to settle a choice of law issue for a tort claim, North Carolina courts apply the *lex loci delicti* rule. Coleman, 887 F. Supp. 2d at 669; United Dominion Indus., Inc. v. Overhead Door Corp., 762 F. Supp. 126, 129 (W.D.N.C. 1991) (Mullen, J.); Harco Nat'l Ins. Co. v. Grant Thornton LLP, 698 S.E.2d 719, 724-25

6

(N.C. Ct. App. 2010). This rule requires the Court to determine the state where the injury occurred and apply the law of that state. Boudreau v. Baughman, 368 S.E.2d 849, 854 (N.C. 1988); Harco Nat'l, 698 S.E.2d at 724; Dominion Indus., 762 F. Supp. at 129. A plaintiff's injury occurs in the state where the last act giving rise to the alleged injury occurs. Harco Nat'l, 698 S.E.2d at 724; United Virginia Bank v. Air-Lift Assocs., Inc., 339 S.E.2d 90, 94 (N.C. Ct. Ap. 1986); Dominion Indus., 762 F. Supp. at 130-31. Such an approach is consistent with Coleman, which held that North Carolina law applied to claims asserted by South Carolina residents who bought lots at a development in North Carolina because the property was located in North Carolina and the real estate transaction was completed in North Carolina. 877 F. Supp. 2d at 569.

Despite Defendants' assertion in the Answer and Counterclaim that South Carolina law governs this dispute, pursuant to the *lex loci delicti* rule, the tort counterclaims are governed by North Carolina law. Defendants essentially concede this fact in response to the Motion to Dismiss. (Defs.' Memo. Opposing Pl.'s Mot. Dismiss at p. 3.) Accordingly, the Court finds that North Carolina law applies to the tort counterclaims asserted by Defendants, and the Court will apply North Carolina law in ruling on Plaintiff's motion.

### B. The Counterclaim for Violations of South Carolina's Unfair and Deceptive Trade Practices Act

Count Five of the Answer and Counterclaim asserts a claim for violation of South Carolina's Unfair and Deceptive Trade Practices Act. As the Court has previously explained, Defendants' tort counterclaims are governed by North Carolina law. Thus, Defendants' counterclaim for violations of the South Carolina Unfair and Deceptive Trade Practices Act is improper and subject to dismissal.

Despite the fact that even a cursory review of the pertinent case law, including the cases cited in Plaintiff's legal memorandum in support of its Motion to Dismiss, would have revealed that Defendants' counterclaims are governed by North Carolina law, Defendants failed to obtain leave of Court to amend their Answer and Counterclaim. Having failed to seek leave to amend after being put on notice as to the defective nature of their counterclaims, Defendants counterclaim for violation of the South Carolina Unfair and Deceptive Trade Practices Act is subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Five.

### C. Defamation of Credit and Slander of Title

Count Seven asserts a counterclaim for defamation of credit and slander of title. "The elements of slander of title are: (1) the uttering of slanderous words in regard to the title of someone's property; (2) the falsity of the words; (3) malice;

8

and (4) special damages. Broughton v. McClatchy Newspapers, Inc., 588 S.E.2d 20, 28 (N.C. Ct. App. 2003). As Plaintiff correctly points out in the Motion to Dismiss, Defendants fail to allege factual allegations supporting each element of a slander of title claim; Defendants fail to allege factual allegations demonstrating the Plaintiff made slanderous statements regarding Defendants' title to property, that the statements were false, or any special damages suffered as a result. In fact, Defendants' Answer and Counterclaim contains little more than a conclusory restatement of the elements of a counterclaim for slander of title, which is insufficient to state a counterclaim in federal court. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the defamation of credit/slander of title counterclaim.[2]

### D. Breach of Fiduciary Duty and Constructive Fraud

Defendants assert a counterclaim for breach of fiduciary duty and constructive fraud in Count Four. Fatal to Defendants' breach of fiduciary duty and constructive fraud counterclaims is the fact that the Answer and Counterclaim fails to allege factual allegations supporting the existence of a fiduciary relationship between the parties. As this Court and the North Carolina state courts

---

2  The Court also notes that Defendants failed to even address Plaintiff's legal argument regarding this counterclaim in their response to the Motion to Dismiss.

9

have repeatedly explained, the banker-customer or lender-debtor relationship generally does not give rise to a fiduciary relationship. See Branch Banking and Trust Co. v. Thompson, 418 S.E.2d 694, 699 (N.C. Ct. App. 1992) ("[P]arties to a contract do not thereby become each other's fiduciaries; they generally owe no special duty to one another beyond the terms of the contract and the duties set forth in the U.C.C."); Lassiter v. Bank of North Carolina, 551 S.E.2d 920, 922-23 (N.C. Ct. App. 2001); Camp v. Leonard, 515 S.E.2d 909, 913 (N.C. Ct. App. 1999) ("[A] lender is only obligated to perform those duties expressly provided for in the loan agreement to which it is a party."); Wagner v. Branch Banking and Trust Co., 179 N.C. App. 436, 2006 WL 2528495, at *2 (N.C. Ct. App. 2006) (unpublished) ("[T]his court has acknowledged that a lender has a duty to perform those responsibilities specified in a loan agreement, but has declined to impose any duty beyond those expressly provided for in the agreement."); Coleman, 887 F. Supp. 2d at 671; Karp, 887 F. Supp. 2d at 690; Carter, 2014 WL 70072, at *10. Here, Defendants have failed to set forth sufficient factual allegations establishing anything more than a normal debtor-creditor relationship between the parties. Just as the District Court determined in Coleman, Defendants fail to allege facts supporting any type of special relationship between Plaintiff and/or its employees and Defendants beyond that of the typical loan officer-customer that might give

rise to a duty of care above and beyond that typical of the debtor-creditor or banker-customer relationship.[3] See Coleman, 887 F. Supp. 2d at 671 (dismissing substantially similar claims). Similarly, the lack of a fiduciary duty is fatal to Defendants' constructive fraud counterclaim. Id. at 672. The Court, therefore, **RECOMMENDS** that the District Court grant the Motion to Dismiss as to the breach of fiduciary duty and constructive fraud counterclaim.

   E.   **Negligence**

Count Six of the Answer and Counterclaim asserts a negligence and gross negligence counterclaim against Plaintiff. In order to state a claim for negligence, Defendants must allege that Plaintiff owed Defendants a legal duty, that Plaintiff breached that legal duty, and that Defendants suffered an injury as a proximate result of the breach. Royal v. Armstrong, 524 S.E.2d 600, 602 (N.C. Ct. App. 2000); Coleman, 887 F. Supp. 2d at 672. An act arises to the level of gross negligence where the party commits the act purposely and with the knowledge that the act is a breach of the party's duty to another individual. Ray v. N.C. Dep't of Tranp., 727 S.E.2d 675, 684 (N.C. 2012); Yancey v. Lea, 550 S.E.2d 155, 157 (N.C. 2001).

---

3   To the extent that Defendants argue in response to the Motion to Dismiss that Plaintiff is liable under a theory of breach of fiduciary duty because the Seven Falls developer had a fiduciary duty to Defendants and the developer was the agent of Plaintiff, such claims fail as a matter of law because the Answer and Counterclaim fails to set forth sufficient factual allegations supporting the existence of an agency relationship. See Coleman, 887 F. Supp. 2d at 670.

Defendants contend that Plaintiff breached the duty of care owned to them by: (1) failing to sufficiently oversee the developer and the construction of Seven Falls; (2) failing to perform sufficient due diligence on the developer; (3) failing to inspect the progress of construction at Seven Falls; (4) failing to properly distribute construction funds for Seven Falls; (5) failing to require the proper release fee from the developer at the closing of Seven Fall's lots; (6) canceling the developer's loans and declaring a loss on the Seven Falls development in order to take funds from the United States Government; and (7) utilizing improper loan origination, underwriting and closing procedures. (Defs.' Counterclaim ¶ 74.) The allegations set forth in the Answer and Counterclaim, however, are insufficient to establish a duty of care owed to Defendants by Plaintiff above and beyond what is set forth in the loan agreements between the parties. As the District Court explained in Coleman, Plaintiff has no duty to oversee the development of Seven Falls or its developer. See Coleman, 887 F. Sup. 2d at 672. Similarly, Defendants have failed to set forth any legal authority supporting the contention that Plaintiff owed Defendants a legal duty to manage the loans between the developer and Plaintiff in a certain manner or to undertake certain loan origination, underwriting and closing procedures. Put simply, no duty of care arose between Defendants and Plaintiff as

a result of Plaintiff's relationship with the developer of Seven Falls.[4]  Moreover, just as in Coleman, Defendants have failed to set forth factual allegations supporting their claim that Plaintiff "undertook a duty to Defendants by offering Defendants investment advice and additional services." (Defs.' Counterclaims ¶ 73); Coleman, 887 F. Supp. 2d at 672.   Because Defendants have not set forth a legal or factual basis for establishing a legal duty owed by the Plaintiff to Defendants beyond what was expressly provided for in the loan agreements, Defendants' counterclaim for negligence and gross negligence fail as a matter of law.  Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Six.

**IV.    Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 11].

Signed: March 10, 2014



Dennis L. Howell
United States Magistrate Judge

---

4    In addition, the Answer and Counterclaim fails to sufficiently allege that the developer was an agent of Plaintiff, and Defendants may not rely on an agency theory to establish their negligence claim.

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).