# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00092-MR-DLH

| | |
|---|---|
| SYNOVUS BANK, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> DAVID M. SCIUPIDER and ) </br> MARY C. SCIUPIDER, ) </br> ) </br> Defendant. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Dismiss Defendants' Counterclaims [Doc. 11]; the Magistrate Judge's Memorandum and Recommendation [Doc. 19] regarding the disposition of said motion; the Defendants' Objections to the Memorandum and Recommendation [Doc. 20]; and the Plaintiff's Response to Defendants' Objections to the Memorandum and Recommendation [Doc. 21].

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff Synovus Bank ("Plaintiff") brings this action against the Defendants David M. Sciupider and Mary C. Sciupider ("Defendants") in relation to the default of a loan agreement between the parties for the purchase of a lot in the Seven Falls Golf and River Club ("Seven Falls").

The Defendants asserted counterclaims against the Plaintiff under the Interstate Land Sales Full Disclosure Act ("ILSA") and South Carolina's Unfair and Deceptive Trade Practices Act, and for breach of fiduciary duty, constructive fraud, negligence, gross negligence, defamation of credit, and slander of title. [Doc. 6]. The Plaintiff moved to dismiss all counterclaims except those under ILSA [Doc. 11], and the Defendants responded in opposition to such motion [Doc. 14].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's motion and to submit a recommendation regarding its disposition. On March 10, 2014, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Court should grant the Plaintiff's motion to dismiss the Defendants' counterclaims for (1) violations of South Carolina's Unfair and Deceptive Trade Practices Act, (2) defamation of credit and slander of title, (3) breach of fiduciary duty and constructive fraud, and (4) negligence. [Doc. 19]. The Defendants filed objections to the Court's Memorandum and Recommendation [Doc. 20], to which the Plaintiff has responded [Doc. 21].

Having been fully briefed, this matter is ripe for disposition.

2

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

As the Magistrate Judge aptly noted, "[t]he central issue for resolving a Rule 12(b)(6) motion is whether the counterclaims state a plausible claim for relief." [Doc. 19 at 3, (citing Francis v. Giacomelli, 588 F.3d 186, 189

(4th Cir. 2009))]. The Court views the allegations of the Defendants' counterclaims in the light most favorable to them. [Id., (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92)].

> **A. The Magistrate Judge correctly assessed the Defendants' failure to properly assert an agency or partner relationship between the Plaintiff bank and the developer.**

The Defendants argue that the Magistrate Judge erroneously recommended that their allegations be dismissed regarding the Plaintiff bank assuming the developer as its agent or partner. [Doc. 20 at 2]. The Magistrate Judge did not commit error in this recommendation. "Agency arises when parties manifest consent that one shall act on behalf of the other and subject to his control." Vaughn v. Dept. of Human Resources, 296 N.C. 683, 686, 252 S.E.2d 792, 795 (1979). The Magistrate Judge noted that "no duty of care arose between Defendants and Plaintiff as a result of Plaintiff's relationship with the developer of Seven Falls." [Doc. 19 at 13]. The Defendants did not specifically allege any representations made by the Plaintiff to the Defendants of an agency relationship between the Plaintiff and the developer. [Doc. 6]. Here, the Defendants generally alleged that the Plaintiff and the developer were both involved in the Seven Falls project and that they had shared responsibilities, activities,

4

advertising, and marketing. [Doc. 6 at 12-13]. They failed, however, to sufficiently allege that the developer was subject to the Plaintiff's control or that the developer acted on behalf of the Plaintiff. [Doc. 6]. Therefore, the Defendants' second objection is overruled.

**B. The Magistrate Judge properly recommended that there was no special relationship between the parties, and thus properly recommended that the Defendants' breach of fiduciary duty and constructive fraud counterclaims should be dismissed.**

The Defendants assert that the Magistrate Judge erred in his recommendation that the Defendants failed to sufficiently allege the existence of a fiduciary relationship between the parties. [Doc. 20 at 3]. The Magistrate Judge's recommended findings were proper, however, as he noted:

> As this Court and the North Carolina state courts have repeatedly explained, the banker-customer or lender-debtor relationship generally does not give rise to a fiduciary relationship. See Branch Banking and Trust Co. v. Thompson, 418 S.E.2d 694, 699 (N.C. Ct. App. 1992); Lassiter v. Bank of North Carolina, 551 S.E.2d 920, 922-23 (N.C. Ct. App. 2001); Camp v. Leonard, 515 S.E.2d 909, 913 (N.C. Ct. App. 1999) ("[A] lender is only obligated to perform those duties expressly provided for in the loan agreement to which it is a party.").

[Doc. 19 at 10]. Here, the Defendants have alleged facts supporting a customary debtor-creditor relationship rather than a special fiduciary relationship. [Doc. 6]. Although "fiduciary obligations *may* . . . exist

5

between a mortgagor and a mortgagee under certain facts," Smith v. GMAC Mortg. Corp., 5:06CV125-V, 2007 WL 2593148 at * 8 (W.D.N.C. Sept. 5, 2007), there is no evidence of "the special confidence required for a fiduciary relationship" here even when viewing the allegations in the light most favorable to the Defendants. Dallaire v. Bank of America, N.A., 760 S.E.2d 263, 267 (N.C. 2014). Thus, the Defendants' fifth objection is without merit.

### C. The Magistrate Judge properly noted that the Defendants' counterclaim failed to establish a duty of care owed by the Plaintiff to the Defendants, and thus properly recommended that the Defendant's negligence counterclaims be dismissed.

The Defendants argue that the Magistrate Judge erroneously recommended that the allegations set forth in the Answer and Counterclaim failed to establish a duty of care owed by the Plaintiff to the Defendants, and that the Magistrate Judge erroneously recommended that the Defendants' negligence and gross negligence claims should be dismissed. [Doc. 20 at 3]. Although the Defendants claim that they had established a duty of care through their allegations which would be sufficient to maintain their negligence counterclaim [id.], they offer no argument in support of this objection. As the Magistrate Judge properly stated, "[i]n order to state a claim for negligence, Defendants must allege that Plaintiff owed Defendants a legal duty, that Plaintiff breached that legal duty, and that

Defendants suffered an injury as a proximate result of the breach." [Doc. 19 at 11 (citing Royal v. Armstrong, 524 S.E.2d 600, 602 (N.C. Ct. App. 2000); Coleman, 887 F. Supp. 2d at 672)]. The Magistrate Judge noted that the Defendants did allege numerous forms of a breach of duty, but did not sufficiently allege such a duty within their counterclaims. [Doc. 19 at 12]. Accordingly, the Defendant's negligence counterclaims are insufficient and the Defendants' fourth and sixth objections are without merit.

**D. The Magistrate Judge correctly applied North Carolina law in determining the Defendants' contract-based counterclaims.**

The Defendants argue that it was erroneous for the Magistrate Judge to apply North Carolina law to the contract-based counterclaims due to the South Carolina choice of law provision in the promissory note and standby letter of credit. [Doc. 20 at 3]. This assertion is incorrect. Although choice-of-law contract provisions are recognized and enforced in North Carolina, see Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 601 (4th Cir. 2004), the Magistrate Judge correctly noted,

> This choice of law clause, however, does not dictate that South Carolina law is applicable to every dispute between the parties related to Seven Falls. See Synovus Bank v. Coleman, 887 F. Supp. 2d 659, 669 (W.D.N.C. 2012) (Reidinger, J.) Rather, claims and counterclaims between the parties that are separate and distinct from the Promissory Note are governed by the North Carolina choice of law rules. ITCO Corp. v. Michelin Tire Corp.,

> Commercial Div., 722 F.2d 42, 49 n. 11 (4th Cir. 1983).
>
> In order to settle a choice of law issue for a tort claim, North Carolina courts apply the *lex loci delicti* rule. Coleman, 887 F. Supp. 2d at 669; United Dominion Indus., Inc. v. Overhead Door Corp., 762 F. Supp. 126, 129 (W.D.N.C. 1991) (Mullen, J.); Harco Nat'l Ins. Co. v. Grant Thornton LLP, 698 S.E.2d 719, 724-25 (N.C. Ct. App. 2010). This rule requires the Court to determine the state where the injury occurred and apply the law of that state. Boudreau v. Baughman, 368 S.E.2d 849, 854 (N.C. 1988); Harco Nat'l, 698 S.E.2d at 724; Dominion Indus., 762 F. Supp. at 129. A plaintiff's injury occurs in the state where the last act giving rise to the alleged injury occurs. Harco Nat'l, 698 S.E.2d at 724; United Virginia Bank v. Air-Lift Assocs., Inc., 339 S.E.2d 90, 94 (N.C. Ct. App. 1986); Dominion Indus., 762 F. Supp. at 130-31.

[Doc. 19 at 6-7]. The events giving rise to the tort counterclaims in this case occurred in North Carolina, analogous to the Coleman case in which the property and real estate transaction both took place in North Carolina. [Doc. 6]; Coleman, 877 F. Supp. 2d at 569. Thus, North Carolina law is properly applied to the Defendants' counterclaims and the Defendants' seventh objection is overruled.

### E. The Magistrate Judge did not erroneously view this case as analogous to the prior Seven Falls development cases.

The Defendants assert that the Magistrate Judge erroneously considered this case as factually analogous to all prior cases concerning

the failed Seven Falls development. [Doc. 20 at 2]. Particularly, the Defendants argue that the Magistrate Judge improperly referred to the Defendants' failure to allege specific misrepresentations analogous to the Coleman case. [Doc. 20 at 9]; Synovus Bank v. Coleman, 887 F. Supp. 2d 659, 669 (W.D.N.C. 2012) (Reidinger, J.). The Magistrate Judge did not err, however, in citing to the Coleman case, which encompassed similar claims and issues as this case, both factually and legally. The Defendants alleged statements made by NBSC employee Kim Mode assuring success and "a solid, sound investment," indicating that the bank was in the project with Keith Vinson, informing the Defendants of the presence of federal auditors checking on the project, and assuring of a safeguard system [Doc. 6 at ¶¶ 8-22]. Such allegations, however, were not sufficient for actionable tort counterclaims which the Defendants assert, due to the reasons previously discussed. Thus, the Defendants' first objection is overruled.

**IV. CONCLUSION**

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law. Thus, the

Plaintiffs' Objections to the Memorandum and Recommendation are therefore overruled.

## ORDER

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendants' Objections [Doc. 20] are **OVERRULED,** the Magistrate Judge's Memorandum and Recommendation [Doc. 19] is **ACCEPTED;** and the Plaintiff's Motion to Dismiss Defendants' Counterclaims [Doc. 11] is **GRANTED**, and the Defendants' counterclaims for breach of fiduciary duty, violation of the South Carolina Unfair Trade Practices Act, negligence, gross negligence, and defamation of credit/slander of title are hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that the parties shall conduct an initial attorneys' conference within fourteen (14) days of the entry of this Order, and file a certificate of initial attorneys' conference within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: September 8, 2014

Martin Reidinger
United States District Judge